UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | CASE NO. 20-CR-16 (JEB) |
| : | |
| CHRISTOPHER CARROLL, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (d)(1)(A)(iii) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**I. Procedural History**

On January 16, 2020, the grand jury returned an indictment charging the defendant with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At the initial appearance on January 24, 2020, the government orally moved for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, which was granted by the Court. The Court set a detention hearing for Wednesday, January 29, 2020.

**II. Legal Authority and Argument**

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal

trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.   Therefore, the defendant should be detained.  See 18 U.S.C. § 3142(e)(1).

### A. **Nature and Circumstances of the Offenses Charged**

On Thursday, January 1, 2020 at approximately 12:00 a.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) Gun Recovery Unit (GRU) were patrolling near the 3600 block of 22nd Street, Southeast, Washington D.C. due to a recent uptick in gun violence. Officers exited their unmarked car upon hearing the sound of

gunshots coming from directly in front of them. Officers Guzman and DelBorrell started heading toward an individual, later identified as the defendant, Christopher Carroll, whom both Officer DelBorrell and Officer Guzman saw bringing a firearm from a raised position over his head downward and attempting to stuff it in the small of his back, inside of his waistline. As soon as the defendant saw the officers, he immediately started running in the opposite direction of the officers.

As the defendant attempted to flee, the officers followed behind and saw him continue to attempt to stuff a semi-automatic handgun in the small of his back. Officers Guzman and DelBorrell were able to stop the defendant in the same parking lot area where he was originally observed prior to attempting to flee from the officers. As Officer Guzman assisted the defendant to the ground, Officer DelBorrell saw the back of the defendant's jacket raise up to reveal the firearm that he placed in his waistline. Officer DelBorrell, while subduing the defendant on the ground, was able to grab the firearm from the exact location where Officer DelBorrell initially saw the defendant attempt to conceal the firearm in the small of his back, and he tossed it out of reach of the defendant for precautionary purposes. The defendant was then placed under arrest.

The firearm was determined to be a silver and black Hi-Point Model C-9, .9 mm caliber semi-automatic handgun, with a serial number of 005756. At the time it was recovered, it was loaded with no round in the chamber and two (2) rounds in the magazine.

      **B.**    **Weight of the Evidence against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. The defendant came to the attention of the officers because he was holding the firearm above his head right after they had heard gunshots in near proximity. They also saw him try to stuff the firearm in the small of his back. The

defendant took unprovoked flight from law enforcement officers before they could make contact with him. They saw him continue to attempt to place the firearm in the waistline in the small of his back. Finally, as they subdued the defendant to the ground, MPD officers recovered a loaded firearm from the exact location they saw the defendant attempt to place his firearm in the small of his back.

### C.     The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weighs in favor of the detention.  The nature of the defendant's criminal conduct has remained undeterred as evidenced by the defendant being charged by indictment with this offense while on supervision for another felony violent crime. The defendant has the following prior convictions:

- Assault in the 1st Degree (Maryland, 2010)
- Contempt (Virginia, 2012)
- Obstruction of Justice (Virginia 2007)
- Driving while under the Influence (Virginia 2007)
- Domestic Simple Assault and Attempted Threats (Washington, D.C. 2005)
- Possession of a Controlled Substance (Maryland 2009)

The government submits that the defendant should not be released.

### D.     Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. At the time of the charged offense, the defendant was on supervised probation in Prince George's County case number CT090811X, with a charge of Assault in the First Degree.   The defendant was sentenced to a term

4

of imprisonment of fifteen (15) years, of which eleven (11) years were suspended, followed by five (5) years of probation. The defendant's supervision began in January 29, 2012. On November 13, 2017, an extraditable warrant was issued for probation violation. Further, the government is greatly concerned about the fact that the defendant was under the influence of cocaine at the time of the offense. The firearm that the defendant possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community, particularly in light of the defendant's insobriety due to cocaine use. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. Bar No. 472-845

By:     /s/
        VIVIAN E. KIM
        CA Bar No. 303066
        Assistant United States Attorney
        555 Fourth Street, N.W., Fourth Floor
        Washington, D.C. 20530
        Telephone: (202) 252-7014
        E-mail: Vivian.Kim@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Eugene Ohm, Esq. via the Electronic Case Filing (ECF) system, this 28th day of January, 2020.

/s/
VIVIAN E. KIM
Assistant United States Attorney